```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          EASTERN DIVISION
```

TOMMIE COLLINS, JAMES ROBERTS,
JEFFERY COLLINS, TAMMY STOKES,
KENNETH COLLINS, QUANISHA COLLINS,
A MINOR, AND THROUGH TAMMY STOKES HER
MOTHER AND NEXT FRIEND, JABRITANY COLLINS,
A MINOR, BY AND THROUGH TAMMY STOKES, HER
MOTHER AND NEXT FRIEND, ROBERT L. McCARTY,
JESSIE STEVENS, ERNEST M. COLEMAN, SHELTON
COLLINS, PAIGE DUSICH-COLLINS, DIAMOND
DUSICH, A MINOR, BY AND THROUGH PAIGE
DUSICH-COLLINS, HER MOTHER AND NEXT FRIEND,
DESMOND DUSICH, A MINOR, BY AND THROUGH PAIGE
DUSICH-COLLINS, HIS MOTHER AND NEXT FRIEND,
DARRIUS DUSICH, A MINOR, BY AND THROUGH PAIGE
DUSICH-COLLINS, HIS MOTHER AND NEXT FRIEND,
WAYNE COLLINS, MARY RUSSELL, JEREMY COLLINS,
A MINOR, BY AND THROUGH MARY RUSSELL, HIS
MOTHER AND NEXT FRIEND, GERALD COLLINS, A
MINOR, BY AND THROUGH MARY RUSSELL, HIS
MOTHER AND NEXT FRIEND, TOMMY WAYNE COLLINS,
A MINOR, BY AND THROUGH MARY RUSSELL, HIS
MOTHER AND NEXT FRIEND, RONNIE COLLINS                    PLAINTIFFS

VS.                                    CIVIL ACTION NO. 4:09CV9TSL-LRA

O'BRIEN ENERGY COMPANY, WILLIAM
CHANCELLOR, INDIVIDUALLY and
JOHN DOES 1-3                                             DEFENDANTS

                              ORDER

This cause is before the court on the motion of plaintiffs to remand this case to the Circuit Court of Clarke County, Mississippi, from which it was removed by defendant O'Brien Energy Company (O'Brien) on the basis of diversity jurisdiction, contending that the non-diverse defendant William Chancellor was

fraudulently joined. Plaintiffs timely moved to remand, insisting that Chancellor was not fraudulently joined but rather is a proper defendant herein, against whom plaintiffs have a number of potential bases for establishing liability. The court, having considered the parties' arguments, is unable to conclude that Chancellor has been fraudulently joined and concludes, therefore, that plaintiffs' motion to remand should be granted.

In support of its position that Chancellor has been fraudulently joined, O'Brien has submitted evidence, including an affidavit from Chancellor, in which he essentially denies plaintiffs' allegations. The Fifth Circuit has long held that the district courts may use a summary-judgment type analysis in resolving fraudulent joinder issues. At the same time, however, it has cautioned against pre-trying substantive factual issues under the guise of deciding issues of fraudulent joinder. In Smallwood v. Illinois Central Railroad Co., 385 F.3d 568 (5th Cir. 2004), the court made clear that in order for a district court to resolve the issue of fraudulent joinder, the court should ordinarily "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant," id. at 2, and should only rarely use a summary-judgment type inquiry to decide these issues. The court in Smallwood wrote:

> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.... Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity.

Smallwood, 385 F.3d at 573. In the court's opinion, this is not one of those rare cases in which plaintiffs have "misstated or omitted discrete facts that would determine the propriety of joinder." Indeed, it has become apparent to the court in reviewing and evaluating the parties' submissions in support of their respective positions regarding whether Chancellor is a proper defendant herein, and more particularly, concerning whether plaintiffs have any viable factual basis for their claims against him, that a resolution of the issue via a summary-judgment type analysis would require this court to venture farther into the evidentiary thicket than Fifth Circuit precedent permits.

Accordingly, it is ordered that plaintiffs' motion to remand is granted.

SO ORDERED this 11th day of August, 2009.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

3